in question are double tracks running east and west between Buffalo and Niagara Falls, N. Y. The river road runs from Niagara Falls, east and west to the point of crossing. It then turns at nearly right angles in a northerly direction. The river road contains the two street car tracks of the International Railway Company to the point where it turns north over the crossing in question. In turning north the river road crosses the double tracks of the New York Central, the single track of the Erie railroad and the double tracks of the high speed line of the International Railway Company. The truck of the plaintiff was being driven by one of its employees. It was going east on the southerly side of the river road. In turning north to make the crossing, the truck crossed the two tracks of the International railway in the river road before it reached the tracks of the defendant. Plaintiff alleged that the driver's view was obstructed; that the locomotive gave no signal of its approach and that the flagman was absent from his post.

*Carlton A. Fisher* for appellant.

*Glenn A. Stockwell* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

EARL H. HENDERSON, Appellant, *v.* GEORGE A. GILLETTE et al., Respondents.

*Replevin — chattel mortgage — action by purchaser to obtain possession of automobile taken under chattel mortgage executed by vendor as collateral security for note.*

*Henderson* v. *Gillette*, 203 App. Div. 877, affirmed.

(Argued June 13, 1923; decided July 13, 1923.)

APPEAL, by permission, from a judgment, entered January 9, 1923, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department overruling plaintiff's exceptions ordered to be heard in the first instance by the Appellate Division, denying a motion for a new trial and directing judgment in favor

of defendants upon the verdict directed by the court.
The action was in replevin to recover possession of an
automobile.   One Charles M. Bridgeford made his promis-
sory note to the order of Frank M. Goff, in the sum of
$2,500, payable three months after date, with interest
at the Union Trust Company.  This note was indorsed
by the defendant George A. Gillette for the accommo-
dation of Charles M. Bridgeford.   It was then indorsed
by Frank M. Goff and delivered to the Union Trust
Company.   The note was not paid at maturity and
notice of protest was given to George A. Gillette about
January 12, 1921.   At the time of making the note
Charles M. Bridgeford executed and delivered to the
defendant Gillette a collateral security chattel mortgage
to secure Gillette on his indorsement, whereby he mort-
gaged three automobiles.   One of them he thereafter sold
to plaintiff.   It having been seized under the chattel mort-
gage plaintiff brought this action to recover possession.

*Glenn L. Buck* for appellant.

*Arthur V. D. Chamberlain, George A. Gillette, William
J. Baker* and *Sidney O'Brien* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND,
McLAUGHLIN, CRANE and ANDREWS, JJ.

---

LOUIS COUGHLIN, Respondent, *v.* PARK ROW REALTY
COMPANY, INC., Appellant.

*Negligence — elevators — collapse of platform of elevator.*

Coughlin v. Park Row Realty Co., Inc., 206 App. Div. 610, affirmed.
(Argued June 13, 1923; decided July 13, 1923.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the first judicial department,
entered March 19, 1923, affirming a judgment in favor
of plaintiff entered upon a verdict in an action to recover
for personal injuries alleged to have been sustained by
plaintiff through the negligence of defendant.   Plaintiff
was severely injured between nine and nine-thirty A. M.
on November 12, 1921, by being precipitated thirty-three
40